# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
  **Plaintiff,**

 v.             Case No. 17-CR-137

**REBECCA RODRIGUEZ**
  **Defendant.**

## STATEMENT OF REASON MEMORANDUM

Defendant Rebecca Rodriguez acted as the getaway driver when her boyfriend, Theodore Simmons, and another man, Robert Anderson, robbed a convenience store. During the robbery, Simmons and Anderson held store occupants at gunpoint, threatened to kill an employee, and assaulted a cashier.

Charged with aiding and abetting a Hobbs Act robbery, 18 U.S.C. § 1951(a), and use of a firearm during a crime of violence, 18 U.S.C. § 924(c), the court initially allowed defendant's release on conditions. When she absconded from pre-trial release and missed a court date, however, the court issued a warrant and the government added a charge under 18 U.S.C. § 3146. Following her arrest, defendant pleaded guilty to the robbery and failure to appear charges pursuant to an agreement with the government under which the § 924(c) count was dismissed. After accepting her pleas, I ordered a pre-sentence report ("PSR") and set the case for sentencing.

In imposing sentence, the district court must first correctly calculate the advisory sentencing guideline range, then consider the arguments of the parties and the factors set forth in 18 U.S.C. § 3553(a), making an individualized assessment based on the facts presented.

After settling on the appropriate sentence, the court must adequately explain the chosen sentence to promote the perception of fair sentencing. United States v. Pankow, 884 F.3d 785, 793 (7th Cir. 2018).

## I. GUIDELINE CALCULATIONS

Defendant's PSR set a base offense level of 20 on the robbery count, U.S.S.G. § 2B3.1(a), then added 6 levels because a firearm was "otherwise used," § 2B3.1(b)(2)(B); 2 levels because a victim sustained "bodily injury," § 2B3.1(b)(3)(A); 2 levels because a victim was "physically restrained" during the robbery, § 2B3.1(b)(4)(B); and 2 levels for obstruction of justice under U.S.S.G. § 3C1.1 based on defendant's failure to appear, see U.S.S.G. § 3C1.1 cmt. n.4(E), for an adjusted level of 32. On the failure to appear count, the PSR set a base offense level of 6, U.S.S.G. § 2J1.6(a)(2), then added 9 levels under § 2J1.6(b)(2) because the underlying offense carried an imprisonment term of 15 years or more, for an adjusted level of 15. The PSR then grouped the two counts under U.S.S.G. § 3D1.2(c), as the failure to appear charged in count two was treated as a specific offense characteristic on count one. After subtracting 3 levels for acceptance of responsibility, U.S.S.G. § 3E1.1, the PSR settled on a final level of 29. Coupled with defendant's criminal history category of I, this produced an imprisonment range of 87-108 months.

Defendant objected to the enhancements for use of a firearm, bodily injury, and restraint, indicating that Simmons and Anderson engaged in this aggravated conduct, not her, and that she should not be held responsible for their behavior. She further indicated that she drove the getaway car at the behest of Simmons, her abusive boyfriend, and that she was also afraid of Anderson. Finally, she noted that she suffers from severe mental illness.

Under the guidelines, a defendant is held responsible for the reasonably foreseeable

2

acts of a co-defendant within the scope of their jointly undertaken criminal activity and in furtherance of that activity. U.S.S.G. § 1B1.3(a)(1)(B). I concluded that it was in this case foreseeable to defendant that her co-actors would use a gun and restrain or injure victims, and that her arguments about fearing the two men were properly addressed under § 3553(a).

Defendant also objected to the enhancement for obstruction of justice, as this was the conduct underlying count two, such that its application would constitute double counting. The PSR applied this enhancement correctly, consistent with the instructions in application note 3 to U.S.S.G. § 2J1.6. In this situation, where the defendant is convicted of both a failure to appear offense and the underlying offense, the court applies the obstruction enhancement on the underlying count, but not the failure to appear count, and then groups the two counts under U.S.S.G. § 3D1.2, which is what the PSR did here. There was no double counting; the obstructive conduct was considered just once in the combined guideline range. I accordingly adopted the PSR's guideline calculations.

## II. SECTION 3553(a)

### A. Sentencing Factors

Section 3553(a) directs the sentencing court to consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

3

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the [advisory sentencing guideline range;]

(5) any pertinent policy statement . . . issued by the Sentencing Commission[;]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

After considering these factors, the court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing: just punishment, deterrence, protection of the public, and provision of needed correctional treatment. Id. While the court must as part of its analysis consider the sentence recommended by the guidelines, the court retains discretion "to select an appropriate sentence for the individual defendant and the surrounding circumstances." United States v. Musgraves, 883 F.3d 709, 715 (7th Cir. 2018). "The sentencing judge may not perfunctorily impose a guidelines sentence or even presume that such a sentence is appropriate in a given case." United States v. Warner, 792 F.3d 847, 855 (7th Cir. 2015).

**B. Analysis**

On the afternoon of April 21, 2017, Simmons, Anderson, and defendant went to the Time Food Mart in Milwaukee to commit an armed robbery. Anderson and Simmons went into the store and committed the robbery, while defendant drove the getaway vehicle.

Once inside the store, Anderson pointed a silver revolver directly at employees and

4

customers, and pushed a customer a few feet toward a wall. While pointing the gun at an employee, Anderson told them, "If you move, I'll kill you right now." Simmons went to the back of the store, grabbed a person who had tried to escape, and forced that customer to the ground (face down) near the cash registers. Simmons took this person's wallet, then went behind the counter to the cash registers, ordered the cashier to open them, and grabbed cash from the registers. Simmons punched the cashier twice in the face and neck, causing a cut, and then pushed the cashier's head to the ground. In addition to taking cash, Simmons and Anderson took several cartons of cigarettes and lottery tickets from the store before fleeing.

The store reported a total of $1592 in cash was taken along with an amount of cigarettes. A victim later participated in a photo array and a live line-up of potential robbery suspects, positively identifying Anderson and Simmons. Police later arrested Simmons and defendant at Simmons's aunt's residence.

The court allowed defendant's release to a residential treatment facility, and she initially appeared compliant and motivated to participate in programming. However, she then began requesting community passes, providing misleading information to staff, returning late, and otherwise violating facility rules. On October 21, 2017, she checked herself out of the facility, missed a court date on November 9, 2017, and her whereabouts were unknown until her arrest on April 26, 2018, at which time she submitted a drug test positive for cocaine and marijuana.

Defendant argued that he was drawn into this offense due to her abusive relationship with Simmons. She also stressed her mental health issues, for which she needed treatment. The PSR documented the traumas defendant had experienced over the course of her life, beginning when she was a child. The report also documented her history of abusive relationships, mental health issues, and substance abuse.

The guidelines recommended 87-108 months, and I agreed that some period of confinement was needed to reflect the seriousness of the offense, a particularly aggravated robbery, and to deter others from engaging in this kind of conduct. The case was also aggravated by defendant's failure to comply with bond and make her court appearance. I noted that addressing defendant's treatment needs in the community would be challenging unless she decided to be more open and honest with probation officers than she appeared to be during her brief time on pre-trial release.

While prison was necessary, I concluded that a term well below the guideline range would suffice. First, I considered defendant's specific role in the offense. While she was under the guidelines held accountable for what the two co-actors did inside the store, I could under § 3553(a) consider whether those significant enhancements for use of a weapon, causing injury, and restraint of a victim resulted in a range greater than necessary to punish defendant for her specific conduct – driving the car at Simmons's direction.

Second, I noted that defendant got into this due to her relationship with Simmons. The PSR indicated that Simmons was physically abusive, prevented her from taking her medications, and tried to "pimp" her out before their involvement in the robbery.

Third, in considering the need to protect the public and deter defendant, I noted that at age 32 her record was limited to a 2015 obstructing offense for which she received a fine; she had never served time before. It is appropriate for a court, when considering the type of sentence necessary to deter future misconduct, to note the length of any previous sentences imposed; generally, a lesser period of imprisonment is required to deter a defendant not previously subject to lengthy incarceration than is necessary to deter a defendant who has already served serious time yet continues to re-offend. United States v. Qualls, 373 F. Supp.

2d 873, 877 (E.D. Wis. 2005).

Finally, I took into account defendant's mental illness and substance abuse problem. Treatment for those conditions would, I believed, reduce her chances of re-offending. She was afforded the opportunity to participate in residential treatment while on bond; she initially did well but eventually left treatment without consent and absconded. Nevertheless, given her presentation at the sentencing hearing, I had some hope that, following a period of detention, she would realize that she had to take full advantage of treatment in the community.

Under all the circumstances, I found a total sentence of 12 months and 1 day sufficient but not greater than necessary. The sentence provided just punishment for this serious crime and deterred others, while acknowledging defendant's inferior role, mental health issues, and limited prior record. The sentence was based on § 3553(a) and would have been the same regardless of the guidelines and my resolution of the objections.

### III. CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 8 months on count one and 4 months and 1 day consecutive on count two for a total of 12 months and 1 day. I fashioned the sentence is this manner to satisfy the requirement of 18 U.S.C. § 3146(b)(2) and consistent with the example in U.S.S.G. § 2J1.6 application note 3. I further required defendant to serve three years of supervised release, the maximum term, given the extent of her treatment needs.

Dated at Milwaukee, Wisconsin, this 4th day of September, 2018.

/s Lynn Adelman
LYNN ADELMAN
District Judge

7